IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOSHUA J. HOWELL,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSEN, MONTANA DEPARTMENT OF CORRECTIONS, ATTORNEY GENERAL OF THE STATE OF MONANA<br><br>Respondents. | Cause No. CV 22-44-H-BMM-KLD<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On June 12, 2022, state pro se petitioner Joshua J. Howell filed an application under 28 U.S.C. § 2254, seeking habeas corpus relief. (Doc. 1 at 8.)[1] Mr. Howell generally contends his right to due process was violated during the course of Montana State Prison disciplinary proceedings when he was found guilty without sufficient evidence. *Id*. at 4-5.

Mr. Howell was directed to supply the Court with additional information, including an explanation of the procedural posture of his state proceedings. See generally, (Doc. 5.) Mr. Howell was advised it appeared his constitutional claims were unexhausted. *Id*. at 2. Mr. Howell subsequently provided an exhibit

---

[1] Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988).

1

documenting his exhaustion of his administrative remedies at Montana State Prison. (Doc. 6.) He also explains that he was provided the § 2254 habeas form by prison administrators which is why he filed the instant matter. He further requests that if he must attempt to proceed in state court, he be allowed to return to this Court in the future. See, (Doc. 7.) It appears Mr. Howell will be parole eligible on April 24, 2024. See, (Doc. 4 at 1.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. As explained below, Mr. Howells's claims are unexhausted, but his petition suffers from an additional defect. His claims are not cognizable in federal habeas.

I. **Motion to Proceed in Forma Pauperis**

Mr. Howell seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) A review of his prisoner account statement indicates Mr. Howell has insufficient funds to pay costs that may be associated with this action. See, (Doc. 8.) The motion will be granted.

## II. Procedural History/Howell's Claims

Mr. Howell states following a prison disciplinary proceeding on May 18, 2022, he was found guilty of fighting and possessing a weapon. (Doc. 1 at 2-3.) Following an administrative appeal, on May 26, 2022, the finding of guilt was affirmed. *Id*. at 2. As punishment, Mr. Howell received 25 days in the restricted housing unit and had 11 points added to his custody level. *Id*. at 3. Additionally, the disciplinary write up was sent to the parole board. *Id*.

Mr. Howell first asserts that his right to due process was violated when he was not given notice of being written up for having a weapon until his hearing and then was convicted based upon nothing more than the disciplinary officer's opinion. *Id*. at 4. Further, Mr. Howell contends there was no evidence that he used a rock as a weapon. *Id*. at 5.

Mr. Howell asks this Court to remove the write-ups from his prison record and to direct the prison to show cause as to why his due process rights were violated. *Id*. at 7. He also asks that the points added to his custody level be removed. *Id*.

## III. Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in

custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). It is undisputed that Mr. Howell has not exhausted his state remedies. But even if he were to do so, this Court could not provide relief.

It is well established that prisoners subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause, although they are not entitled to the full panoply of rights afforded to criminal defendants. See, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). A prisoner is entitled to advance written notice of the charges against him as well as a written statement of the evidence relied upon by prison officials and the reason for disciplinary action. *Wolff*, 418 U.S. at 563. A prisoner also has a right to a hearing at which he may "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id*.at 566. The disciplinary hearing must be conducted by a person or body that is "sufficiently impartial to satisfy the Due Process Clause." *Id*. at 571. Finally, the decision rendered on a disciplinary charge must be supported by "some evidence" in the record. See, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

In *Nettles v. Grounds*, 830 F. 3d 992 (9th Cir. 2016), the Ninth Circuit held that "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."

*Nettles*, 830 U.S. F. 3d at 934. There, the Court found that success on the merits of the petitioner's challenged disciplinary proceeding would not necessarily impact the fact or duration of his confinement, therefore, the challenge did not fall "within the core of habeas corpus." *Id*. The Court explained that "[s]uccess on the merits of Nettles' claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." *Id*. at 934-45. The Court left open the possibility that Nettles could bring his claims in a civil rights action under 42 U.S.C. § 1983. *Id*.

Mr. Howell's petition suffers in the same way that Nettles' petition did- the Circuit has rejected the claim that a prison disciplinary conviction affects an inmate's parole eligibility. In Montana parole is at the discretion of the Parole Board and the Board has broad authority to consider all factors when releasing an offender. See e.g., *McDermott v. McDonald*, 2001 MT 89, ¶ 20, 305 Mont. 166, 24 P. 3d 200. In making its determination regarding nonmedical parole release, the hearing panel shall consider all available and pertinent information regarding the prisoner including:

(a) the circumstances of the offense;
(b) the prisoner's social history and prior criminal record, including the nature and circumstances of the offense, date of offense, and frequency of previous offenses;
(c) the prisoner's conduct, employment, and attitude in prison, including particularly whether the prisoner has taken advantage of opportunities for

      treatment and whether the prisoner is clear of major disciplinary violations prior to the hearing;

(d) the reports of any physical, psychological, and mental evaluations that have been made;

(e) the prisoner's maturity, stability, sense of responsibility, and development of traits and behaviors that increase the likelihood the prisoner will conform the prisoner's behavior to the requirements of law;

(f) the adequacy of the prisoner's release plan;

(g) the prisoner's ability and readiness to assume obligations and undertake responsibilities;

(h) the prisoner's education and training;

(i) the prisoner's family status and whether the prisoner has relatives who display an interest or whether the prisoner has other close and constructive associations in the community;

(j) the prisoner's employment history and occupational skills and the stability of the prisoner's past employment;

(k) the type of residence, neighborhood, or community in which the prisoner plans to live;

(l) the prisoner's past use of chemicals, including alcohol, and past habitual or abusive use of chemicals;

(m) the prisoner's mental health needs;

(n) the prisoner's attitude toward law and authority;

(o) the prisoner's behavior and attitude during any previous experience of supervision and the recency of the supervision;

(p) written or oral statements from criminal justice authorities or any other interested person or the interested person's legal representative, including written or oral statements from a victim regarding the effects of the crime on the victim. A victim's statement may also include but is not limited to the circumstances surrounding the crime, the manner in which the crime was committed, and the victim's opinion as to whether the offender should be paroled;

(q) whether parole at this time would diminish the seriousness of the offense; and

(r) any and all other factors that the hearing panel determines to be relevant.

Section 46-23-208(4)(a)-(r), Mont. Code Ann.

      Thus, while the Board is free to consider any and all disciplinary actions in which Mr. Howell was involved, it is just one of many factors the Board is to

6

consider. Or put another way, the Board may still grant Mr. Howell parole regardless of the instant disciplinary action. Accordingly, expungement of the disciplinary conviction would not guarantee Mr. Howell's earlier release from prison and does not fall within "the core of habeas corpus" making the claims not cognizable in habeas. *Nettles*, 830 F. 3d at 935.

Likewise, Mr. Howell cannot establish that his term of incarceration would be shortened if he was successful on his underlying Due Process claim and able to eliminate the 11 points that were added to his custody level. Similarly, good time credit is not at issue in the instant case because good time credit is only awarded to sentences imposed before 1995. See, MCA § 53-30-105 (1995)(1995 Mont. Laws, ch. 372, §§ 12(2), 13, repeal eff. Oct. 1, 1997). "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983. *Nettles*, 830 F. 3d at 929 (citing *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004). This matter should be dismissed because Mr. Howell cannot proceed in federal habeas.

The Court may also consider if the petition should be construed as a § 1983 civil rights complaint. "A district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner. *Nettles*, 830 F. 3d at 936. "If the complaint is amenable

to conversion on its face, meaning it names correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Id*. (citations omitted).

Construing Mr. Howell's petition as a civil rights complaint is inappropriate in the instant case. He used the court's standard § 2254 form and the attendant habeas terminology. The petition does not identify a proper civil rights defendant. Additionally, because the underlying events occurred recently, there is no immediate statute of limitations concern. And while it appears Mr. Howell has exhausted his administrative remedies within the Montana State Prison, he should also be allowed to make additional considerations, including relative to the filing fee, that may impact his decision to file a civil rights complaint.

Mr. Howell is advised that should he choose to pursue such an action, the civil rights filing fee is $402.00, rather than the $5.00 habeas filing fee. Even if he is granted in forma pauperis status in a civil rights action, Mr. Howell would still be required to pay $350.00 of the $402.00 filing fee. Under this scenario, monthly deductions would be made from his inmate trust account until the $350.00 fee is paid in full. See, 28 U.S.C. § 1915(b)(1).

## IV. Conclusion

For the reasons set forth herein, the Court concludes Mr. Howell has failed to

state a cognizable claim for habeas relief and his petition should be dismissed.

Additionally, the Court finds it is inappropriate to construe the instant petition as a civil rights complaint. Dismissal of this action without prejudice will allow Mr. Howell to pursue a new civil right action if he elects to do so.

## V.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Howell has not made a substantial showing that he was deprived of a federal constitutional right. Further, because his claims are not cognizable in federal habeas, reasonable jurists would find no basis to encourage further

proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Mr. Howell's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive the filing fee.

## RECOMMENDATION

1. Mr. Howell's Petition (Doc. 1) should be DISMISSED without prejudice.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Howell may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Howell must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 27th day of July, 2022.

>*/s/ Kathleen L. DeSoto*
>Kathleen L. DeSoto
>United States Magistrate Judge